**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 23, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-21292
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

VALENTINE CHAVEZ-VASQUEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-311-1
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Valentine Chavez-Vasquez ("Chavez") appeals the

sentence imposed following his guilty plea for illegal re-entry

into the United States following deportation.  Chavez appeals the

district court's imposition of a $500 fine, arguing that the

district court erred reversibly by imposing a fine based on his

ability to earn money while in prison.  Chavez argues that 28

C.F.R. § 345.35(a) prohibits deportable aliens from placement in

_____

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Federal Prison Industries ("FPI") jobs.  Chavez also contends that U.S.C. § 1326(b) is unconstitutional based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

Chavez did not raise below the issue of inability to work in prison, so we will review it for plain error only. Because Chavez does not argue and has not demonstrated that he is "currently under an order of deportation, exclusion, or removal," he has not shown that he in ineligible for an FPI job assignment under 28 C.F.R. § 345.35(a).  The district court's determination that Chavez has the future ability to pay the fine through prison earnings is not clearly, much less plainly, erroneous.

Chavez' contention that the enhancement provisions in 8 U.S.C. § 1326(b) is unconstitutional lacks merit because <u>Apprendi</u> did not overrule <u>Almendarez-Torres v. United States</u>, 523 U.S. 24 (1998).  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

For the foregoing reasons, Chavez' sentence is AFFIRMED.